AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

| Eastern | District of | Pennsylvania |
|---|---|---|

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| EDWARD ANDERTON | Case Number: 08-270-02 |
| | USM Number: |
| | Lawrence Krasner, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)   1,2,3,4,5 & 6

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy. | 11/30/07 | 1 |
| 18:1028A(a)(1),(c)(4),(c)(5) | Aggravated Identity Theft. | 11/30/07 | 2 |
| 18:1028A(a)(1),(c)(4),(c)(5) | Aggravated Identity Theft. | 11/30/07 | 3 |
| 18:1029(a)(2),(b)(1) | Access Device Fraud. | 11/30/07 | 4 |
| 18:1344 | Bank Fraud. | 11/30/07 | 5 |
| 18:1956(a)(1(A)(I),(B)(I) | Money Laundering. | 11/30/07 | 6 |

   The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/18/08 mailed
L. Lappen, AUSA
L. Krasner, Esq.
U.S. Marshal
U.S. Probation
U.S. Pretrial Services
FLU
O'Reilly
J. Zi-jo

November 14, 2008
Date of Imposition of Judgment

Signature of Judge

Eduardo C. Robreno, United States District Judge
Name and Title of Judge

11/17/08
Date

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**48 MONTHS.** This term consists of 24 months on each of counts 1, 4, 5 & 6 to run concurrently; and 24 months of count 2 and 3 to run concurrently to each other and consecutively to Counts 1, 4, 5 & 6.

X  The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program.
It is recommended that the defendant be designated to a facility in the Seattle, Washington area.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ a _____  ☐ a. ☐ p.m on _____ .
   ☐ as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   X  before 2 p.m. on   December 30, 2008   .
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

Judgment—Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**5 YEARS.** This term consists of 3 years on each of counts 1, 4 & 6; 1 year on each of counts 2 & 3; and 5 years on count 5, all terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

Judgment—Page 4 of 8

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant submit to evaluation and treatment as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

As a further condition of supervised release, the defendant is to refrain from employment with access to personal identification information.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer. The defendant shall not encumber or liquidate interest in any assets unless it is direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 0.00 | $ 101,033.97 |

☐ The determination of restitution is deferred ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Payments should be made payable to Clerk, U.S. District Court, for proportionate distribution | | | |
| Individual restitution victims are listed by initials only. Complete information, including full names and addresses will be supplied by the U.S. Probation Office. | | | |
| J.B. | 250.00 | 250.00 | |
| T.D. | 100.00 | 100.00 | |
| R.L. | 883.28 | 883.28 | |
| D.M. | 300.00 | 300.00 | |
| C.W. | 2,212.00 | 2,212.00 | |
| S.H. | 100.00 | 100.00 | |
| Additional restitution victims listed on pages 6 and 7. | | | |
| **TOTALS** | $ 101,033.97 | $ 101,033.97 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Giovanni & Lileggi Salon<br>256 South 16th Street<br>Philadelphia, PA 19102 | 1,774.00 | 1,774.00 | |
| American Express, c/o Madelyn G. Gonzalez<br>43 Butterfiled Circle, El Paso, TX 79906 | 13,475.69 | 13,475.69 | |
| Bank of America, c/o Marcia Rasmussen<br>Fraud Investigations #AZ9-505-01-22<br>1825 E. Buckeye Rd., Phoenix, AZ 85034 | 15,107.22 | 15,107.22 | |
| Capital One, c/o Subpoena Coordinator<br>P.O. Box 85032, Richmond, VA 23285-5032 | 4,842.22 | 4,842.22 | |
| JP Morgan Chase Bank<br>c/o Patricia Schmidt (Bank Accounts)<br>1 Chase Manhattan Plaza, 28th Floor<br>New York, NY 10005 | 2,740.99 | 2,740.99 | |
| JP Morgan Chase Bank<br>Attn: Fraud Recovery Investigations (Credit Cards)<br>P.O. Box 710988, Columbus, OH 43271-0988 | 5,140.99 | 5,140.99 | |
| Citibank c/o Gina Steineke<br>701 E. 60th Street, North<br>P.O. Box 6034, Sioux Falls, SD 57117-6034 | 10,988.04 | 10,988.04 | |
| Citizens Bank, c/o Carol DeMarco<br>525 William Penn Place, Room 153-2618<br>Pittsburgh, PA 15219 | 600.00 | 600.00 | |
| Discover Financial Services, LLC<br>Restitution Dept. (Card#6011002659706972)<br>c/o David Isaacs, LE Liaison#800-762-3051<br>P.O. Box 15048, Wilmington, DE 19850-5048 | 14,964.83 | 14,964.83 | |
| First Premier Bank, c/o Lauri Jackson<br>P.O. Box 5114, Sioux Falls, SD 57117-5114 | 295.60 | 295.60 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

Judgment—Page 7 of 8

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| HSBC Bank Nevada, N.A., c/o Frances Selph<br>P.O. Box 81622, Salinas, CA 93912 | 2,205.34 | 2,205.34 | |
| PayPal, c/o Fraud Investigator Christa Large,<br>2065 Hamilton Avenue, San Jose, CA 95125 | 2,370.49 | 2,370.49 | |
| PNC Bank (US Bank), c/o Tim Barnes<br>P.O. Box 6355, Mail Stop #FG-ND-SIFS<br>Fargo, ND 58125 | 16,034.96 | 16,034.96 | |
| Public Storage, c/o Ann Dickerson<br>701 Western Avenue<br>Glenside, CA 91201 | 142.26 | 142.26 | |
| Wachovia Bank, c/o Subpoena Department<br>P.O. Box 8667, PA 4292<br>Philadelphia, PA 19101 | 6,506.06 | 6,506.06 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDWARD ANDERTON
CASE NUMBER: 08-270-02

Judgment — Page  8  of  8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __101,633.97__ due immediately, balance due

    ☐ not later than _____ , or
    X in accordance  ☐ C,  ☐ D,  ☐ E, or  X F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and that 50% of his earnings shall be applied towards his restitutionary obligation. In the event that the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of $200.00, to commence 30 days after release from confinement. The defendant shall notify the U.S. Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the restitution remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant is to be given credit by the Clerk, United States District Court for the Eastern District of Pennsylvania for having paid $3,176.28 prior to sentencing.

X  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

**Jocelyn Kirsch**, CR 08-270-01, $101,033.97

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.